IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02367-LTB-BNB

DOUG HITCHENS, and
SHERYL HITCHENS,

Plaintiffs,

v.

THOMPSON NATIONAL PROPERTIES, LLC,

Defendant.
_____

**ORDER**
_____

This matter arises on the plaintiffs' **Motion for Entry of Award of Attorneys' Fees** [Doc. # 56, filed 12/18/2014] (the "Motion for Fees"), which is GRANTED as specified.

A final judgment was entered in favor of the plaintiffs and against the defendant in the amount of $146,542.11. Final Judgment [Doc. # 51]. Subsequently, on September 3, 2014, the plaintiffs served written discovery on the defendant, to which the defendant did not respond. Motion to Compel [Doc. # 52] at p. 2. The plaintiffs moved to compel answers to the discovery, including an award of their "reasonable and necessary attorneys' fees and costs associated with making this motion." Id. at p. 4. The defendant did not respond to the Motion to Compel.

On December 10, 2014, I granted the plaintiffs' Motion to Compel. Order [Doc. # 55]. In doing so, I found that the defendant had failed to answer relevant interrogatories properly served on it; the failure to answer was not substantially justified; and an award to the plaintiffs of their reasonable expenses, including attorney's fees, would not be unjust. Id. at 2. I awarded the plaintiffs their reasonable expenses, including attorneys' fees, caused by the defendant's failure

to answer the discovery. To facilitate that award, I required the plaintiffs to submit a fee application, which they have done. The plaintiffs seek an award of $5,362.50 based on 22.5 total hours expended.

The plaintiffs correctly cite Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998), for the procedure applicable to the award of attorneys' fees:

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

Id. (internal citations omitted).

Here, the plaintiffs claim time expended by four lawyers and two paralegals in connection with their motion to compel. The lawyers' rates range from $415 per hour to $165 per hour, and the paralegals are billed at $110 per hour. The defendant does not challenge the hourly rates charged, and substantially similar rates previously were approved by the district judge. Order [Doc. # 50] at 4-6. In any event, I find that the rates charged are reasonable. Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002)(holding that a trial court may use its own knowledge in determining a reasonable rate). See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market).

The defendant challenges the hours claimed, however, arguing that "22.5 hours in attorney and/or paralegal time is unreasonable if Plaintiffs were merely seeking relief from this Court for written post-judgment discovery responses from TNP," Response [Doc. # 61] at 2; "[a]

cogent motion to compel . . . does not require 22.5 hours (after a 9.2 hours discount) of analysis to obtain relief from the Court," id. at 3; and "a fair and reasonable amount of time to prepare a motion to compel and reply seeking relief from this Court would be three to five hours or a reasonable total amount between $1500 and $2500." Id.

I have reviewed with care the time sheets submitted by the plaintiffs, and I find that the time expended and claimed by plaintiffs' counsel in connection with the Motion to Compel is reasonable with the exception of the following:

(1) 1.6 hours expended by Mr. Dallner on December 8-9, 2014, preparing a reply brief. The defendant did not file a response to the Motion to Compel, and no reply was necessary; and

(2) 1.5 hours expended by Kini Spence in communications with "D. Villa," who is not identified.

With these deductions, I find that the following time was reasonably and necessarily incurred as a result of the defendant's failure to answer the discovery and necessitating the plaintiffs' Motion to Compel, and should be awarded:

| | | |
|---|---|---|
| James E. Dallner | 10.8 hrs. x $290/hr. = | $3,132.00 |
| Michael J. Roche | .3 hrs. x $415/hr. = | 124.50 |
| Kevin E. Strom | 2.0 hrs. x $260/hr. = | 520.00 |
| Cindy Pham | 4.8 hrs. x $165/hr. = | 792.00 |
| Billi Joel Lupton | 1.5 hrs. x $110/hr.= | 165.00 |
| TOTAL | | $4,733.50. |

IT IS ORDERED:

(1)     The Motion for Fees [Doc. # 56] is GRANTED;

(2)     The plaintiffs are awarded their reasonable expenses, including attorneys' fees, caused by the defendant's failure to answer the discovery in the amount of $4,733.50.  The award is made against the defendant only, and not its counsel; and

(3)     The defendant shall satisfy this award on or before January 28, 2015.

Dated January 14, 2015.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge